IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ADRIAN EDISON,

    Petitioner,

vs.                                                                                  Civ. No. 97-1240 JC/LCS

JIM BOWLES, Administrator and
Sheriff for the Dallas County Sheriff's
Office and Jail, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court upon Petitioner's two requests for release, filed December 11, 1997 and January 5, 1998, respectively. The Petitioner argues in his January 5, 1998 request that the Respondents have failed to answer his amended 28 U.S.C. §2254 petition. On December 4, 1997, this Court granted the Respondents' request for an extension of time to file their answer to the §2254 petition on December 8, 1997. After the Respondents failed to file their answer on December 8, 1997, this Court entered an Order to Show Cause on December 15, 1997. The Respondents then filed a second motion for extension of time until January 4, 1998. The Court granted the motion and so quashed the Order to Show Cause on December 30, 1997. The January 4, 1998 deadline has passed and the Respondents have to date not answered the petition. Considering the ample opportunity this Court has provided the Respondents to answer the petition, it is now incumbent upon the Court to consider releasing the Petitioner on his own recognizance until the Respondents answer the petition. **See Pfaff v. Wells**, 648 F.2d 689, 693 (10th Cir. 1981)(Court has inherent power to set bail pending decision of habeas corpus

case)(**cited in Johnson v. Nelson**, 877 F.Supp. 569, 570 (D.Kan. 1995)).  Time is of the essence when the writ of habeas corpus is at issue.  **See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky**, 410 U.S. 484, 490 (1973).

    For the reasons stated above, I recommend that conditions of release be set following a hearing for determination of the same.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE