IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ADRIAN EDISON,

    Petitioner,

vs.                              Civ. No. 97-1240 JC/LCS

HONORABLE TOM UDALL,
New Mexico Attorney General,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Respondent's Motion to Dismiss Petition with Prejudice, filed February 25, 1998. The Petitioner in this case filed a 28 U.S.C. §2254 petition for habeas corpus relief based upon allegations of violations of the Fourth Amendment. Respondent argues that this cause should be dismissed with prejudice for failure to state a claim cognizable under either §2254(d) and (e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), or **Stone v. Powell**, 428 U.S. 465 (1976).

2. At least one court has found that the newly enacted AEDPA in effect replaces the Fourth Amendment habeas corpus analysis found in **Stone**. **Carlson v. Ferguson**, ___ F.Supp. ___, 1998 WL 74197 (S.D. W.Va. 1998). That being a logical and reasonable approach, I will begin my discussion by focusing on §2254(d) and (e)(1) of the AEDPA. Section 2254(d) requires that "[o]nce a federal court finds that a claim has been adjudicated on the merits in state court, the federal court then must examine the record to determine if the state court's decision contravened

clearly established Supreme Court interpretation or if the state court reached a result that involved an unreasonable interpretation of the facts in light of the evidence presented." **Carlson**. Section 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

    3. In this instance, the trial court held a hearing on the motion to suppress which is at issue in the habeas corpus petition. The state court of appeals addressed the merits of the suppression issues and relied upon established Fourth Amendment law in finding that the Petitioner's Fourth Amendment rights were not violated. Exhibit G at 3-5 (attached to Answer). The Petitioner then applied for certiorari review of that appellate decision. Exhibit H (attached to Answer). The state supreme court denied the application for certiorari review. Exhibit I (attached to Answer).

    4. Based upon the above record, I find first that the state courts adjudicated the Fourth Amendment habeas claims on the merits. Moreover, I find that the state decisions were not "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States...." 28 U.S.C. §2254(d)(1). I further find that the Petitioner has not rebutted with clear and convincing evidence the presumption of the correctness of the state court's factual determinations. Consequently, the state court decisions were not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). In sum, I conclude that the Petitioner has failed to state a federal habeas corpus claim as required by 28 U.S.C. §2254(d). The Respondent's Motion to Dismiss with Prejudice should, therefore, be granted.

Recommended Disposition

I recommend granting the Respondent's Motion to Dismiss with Prejudice and dismissing this matter with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE